JOURNAL ENTRY and OPINION
Appellant Don Gaddis appeals from the trial court's imposition of concurrent sentences of eight years for rape and five years for gross sexual imposition. Both Gaddis' lawyer and the State's attorney recommended the sentence to the trial court as a consequence of a plea bargain. Gaddis assigns the following as errors for our review:
 I. WHETHER THE IMPOSITION OF *AN ENHANCED OR ENLARGED TERM OF IMPRISONMENT *BEYOND THE STATUTORY MAXIMUM VIOLATES THE DUE PROCESS AND THE FUNDAMENTAL FAIRNESS PROTECTIONS OF THE STATE AND FEDERAL CONSTITUTIONS. [sic]
 II. WHETHER O.R.C. Sec. 2929.14(B) IS UNCONSTITUTIONAL IN LIGHT OF THE `UNITED STATES SUPREME COURT' HOLDING IN Apprendi v. New Jersey, U.S. No. 99-658 June 26, 2000.
Having reviewed the record and legal arguments of the parties we affirm the decision of the trial court. The apposite facts follow.
A Cuyahoga County grand jury indicted Gaddis on four counts of rape under R.C. 2907.02(A)(1)(b), each with a sexually violent predator specification; and one count of gross sexual imposition under R.C.2907.05. Gaddis withdrew an initial plea of not guilty and entered a plea of guilty to one count of rape and gross sexual imposition. In exchange for this plea the State removed the sexually violent predator specification and nolled all other counts. Both parties agreed and asked the trial court to sentence Gaddis to a cumulative prison term of eight years. Accordingly, the trial court sentenced Gaddis to concurrent sentences of eight years for rape and five years for gross sexual imposition.
In his first assigned error, Gaddis argues the trial court erred in sentencing him because it failed to make findings in support of the sentence. Gaddis' assigned error lacks merit.
R.C. 2953.08(D) states:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *.
The three requisite factors exist in the present case. Rape, a first degree felony, carries a maximum prison term of ten years; and gross sexual imposition, a third degree felony, carries a maximum prison term of five years.[1] Thus, the eight-year sentence for rape and the five-year concurrent sentence for gross sexual imposition imposed upon Gaddis are authorized by law. Further, the transcript reflects both Gaddis' attorney and the prosecution asked the trial court to impose the agreed upon sentence, which the trial court accepted and followed. Because all three factors exist in this case, Gaddis' sentence is not subject to our review. Accordingly, Gaddis' first assigned error lacks merit.
In his second assigned error, Gaddis argues Ohio's statutory sentencing framework runs afoul of the United States Supreme Court's holding in Apprendi v. New Jersey.[2] Gaddis' reliance upon Apprendi is misplaced. In the syllabus, that Court stated: The Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.[3]
In this present case, the Ohio Revised Code authorized the trial court to impose a maximum term of ten years imprisonment for the rape conviction and five years imprisonment for the gross sexual imposition conviction.[4] The trial court sentenced Gaddis to eight years imprisonment for the rape conviction and five years imprisonment for gross sexual imposition. Neither sentence exceeded the maximum. Accordingly, Gaddis' second assigned error lacks merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE:
[1] R.C. 2929.14
[2] (2000), 530 U.S. 466; 120 S.Ct. 2348; 147 L.Ed.2d 435.
[3] Id.
[4] See supra note 1 and accompanying text.